NIHAT DENIZ BAYRAMOGLU, ESQ. (Nevada. Bar No. 14030)
deniz@bayramoglu-legal.com
GOKALP BAYRAMOGLU, ESQ. (Nevada Bar No. 15500)
gokalp@bayramoglu-legal.com
SHAWN A. MANGANO, ESQ. (Nevada Bar No. 6730)
shawnmangano@bayramoglu-legal.com
BAYRAMOGLU LAW OFFICES LLC
1540 West Warm Springs Road, Suite 100
Henderson, Nevada 89014
Telephone: 702.462.5973
Facsimile: 702.553.3404
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| YUYAO TANGHONG INTERNATIONAL TRADE CO., LTD., a Chinese corporate entity,<br><br>Plaintiff,<br><br>vs.<br><br>FOHSE, INC., a Nevada corporation,<br><br>Defendant. | Case No.: 2:23-cv-01789-APG-BNW<br><br>**PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SUBMITTED IN COMPLIANCE WITH LR 26-1(b).** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1, on March 8, 2024, at approximately 11:00 AM PT, the parties met and conferred telephonically through their respective counsel of record. Nihat Deniz Bayramoglu, from the Bayramoglu Law Offices, appeared on behalf of Plaintiff Yuyao Tanghong International Trade Co., Ltd. ("Plaintiff") and F. Christopher Austin, of the Weide & Miller Law Offices, appeared on behalf of Defendant Fohse, Inc. ("Defendant" and collectively referred to herein with "Plaintiff" as the "Parties"). The Parties agreed to electronic service and now submit the following Joint Rule 26(f) Report, their proposed discovery plan and scheduling order in compliance with LR 26-1(b).

**Nature of Action**

1. This is an action for patent infringement under 35 U.S.C. § 101 et seq., specifically, 35 U.S.C. §§ 271, 283, 284, and 285. Plaintiff alleges Defendant has made, used, offered for sale, sold, and/or imported, at least the A3i, F1V, Aries, and Scorpio series of industrial horticultural LED grow light products (the "Accused Products") in the United States that has infringed and continues to infringe Plaintiff's rights in U.S. Patent No. 10,638,670 B2 (the "'670 Patent"), entitled "Full spectrum LED plant illumination lamp with a lens structure."

2. Defendant alleges that Defendant does not infringe and has not directly infringed (either literally or under the doctrine of equivalents), induced infringement of, or contributed to the infringement of any valid and enforceable claim of the '670 Patent. In addition, Defendant alleges invalidity, inequitable conduct, fraud on PTO, prosecution history estoppel and/or disclaimer as counterclaims or affirmative defenses in this action.

**FRCP 26(f)(3)(a-f) Discovery Plan**

3. **26(f)(3)(A) Initial Disclosures.** The Parties will serve their Initial Disclosures on or before March 22, 2024. The disclosures will include the information pursuant to FCRP 26(a)(1)(a) through (d).

4. The Parties will also serve written discovery requests shortly after the exchange of Initial Disclosures. It is the intention of the Parties to start the depositions in or around May of 2024. The parties expect some of the depositions to take place on Zoom, which may help to expedite the depositions if they are not local. The Parties agree to work in good faith with any issues or logistics in deposing witnesses.

5. **26(f)(3)(B) Subjects of Discovery.**

    a. Plaintiff anticipates needing discovery on the following topics: The claims at issue in the Complaint, the affirmative defenses raised in Defendant's answer, and the counterclaims asserted in Defendant's answer.

    b. Defendant anticipates needing discovery on the following topics: The claims at issue in the Complaint, the affirmative defenses raised in Defendant's answer, and the counterclaims asserted in Defendant's answer.

6. **26(f)(3)(C) Issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

    a. **Production of Documents.** The Parties agree in the first instance to produce documents in PDF form, OCR/text searchable and native files for any Excel files. The Parties need time to review the volume of data collected and reserve the right to develop an Electronically Stored Information Order as the data review progresses.

7. **26(f)(3)(D) Issues about claims of privilege or of protection as trial-preparation materials.** The parties intend on submitting a Stipulated Protective Order governing the production, handling, and submission of confidential materials in this case. The Parties anticipate the need for a two-tiered protective order, one that allows for the designation of information and documents as "CONFIDENTIAL" and a second tier that allows for the designation of information and documents as "CONFIDENTIAL – ATTORNEY'S EYES ONLY".

8. **26(f)(3)(E).** The parties agree there should be no changes to the limitations on discovery imposed under FRCP rules or by local rule.

9. **26(f)(3)(F).** The parties do not seek any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c) except for those that would apply to a Stipulated Protective Order. The parties intend on submitting a Stipulated Protective Order governing the production, handling, and submission of confidential materials in this case. The Parties anticipate the need for a two-tiered protective order, one that allows for the designation of information and documents as "CONFIDENTIAL" and a second tier that allows for the designation of information and documents as "CONFIDENTIAL – ATTORNEY'S EYES ONLY".

**LOCAL RULE 26-1**

10. **Discovery Cut-Off Date:** The first defendant answered or otherwise appeared on February 1, 2024. The discovery cut-off date is Tuesday, July 30, 2024, one-hundred eighty days from the first defendant's answer.

11. **Amending the Pleadings and Adding Parties:** The deadline to amend the pleadings and add parties is Wednesday, May 1, 2024, ninety days before the close of discovery.

12. **Expert and Rebuttal-Expert Disclosures:** The deadline to disclose experts is Friday, May 31, 2024, sixty days before the close of discovery. The deadline to disclose rebuttal experts is Monday, July 1, 2024.

13. **Dispositive Motions:** The deadline to file dispositive motions is Thursday, August 29, 2024, thirty days after the discovery cut-off.

14. **Pretrial Order:** The deadline to file a pretrial order is Monday, September 30, 2024.

15. **Fed. R. Civ. P. 26(a)(3):** The disclosures required by this rule and any objections to them must be included in the joint pretrial order.

16. **Alternative Dispute Resolution:** The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

17. **Alternative Forms of Case Disposition:** The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

18. **Electronic Evidence:** The parties certify that they discussed whether to present evidence in electronic format to jurors for the purpose of jury deliberations.

19. **Other:** The parties intend on submitting a Stipulated Protective Order governing the production, handling, and submission of confidential materials in this case. The Parties anticipate the need for a two-tiered protective order, one that allows for the designation of information and documents as "CONFIDENTIAL" and a second tier that allows for the designation of information and documents as "CONFIDENTIAL – ATTORNEY'S EYES ONLY".

**Infringement Contentions LPR 1-6 through 1-8**

20. **Disclosure of Asserted Claims and Infringement Contentions.** Within 14 days after the Initial Scheduling Conference under Fed. R. Civ. P. 26(f), a Disclosure of Asserted Claims and Infringement Contentions will be served. Separately for each opposing party, the Disclosure of Asserted Claims and Infringement Contentions will contain the information pursuant to LPR 1-6(a) through (f). Served with the Infringement Contentions will be the document production accompanying asserted claims and infringement contentions pursuant to LPR 1-7(a) through (e).

21. **Disclosure of Non-Infringement, Invalidity, and Unenforceability Contentions.** Within 45 days after service of the Infringement Contentions, response to infringement contentions (non-infringement), invalidity contentions and unenforceability contentions are to be served in accordance with LPR 1-8(a) through (g). Served with the Invalidity

Contentions will be the document production accompanying invalidity contentions pursuant to LPR 1-9(a) through (b).

**RESPONSE TO INVALIDITY CONTENTIONS LPR 1-10**

22.     **Response to Invalidity, and Unenforceability Contentions.** Within 14 days after service of the Non-Infringement, Invalidity, and Unenforceability Contentions, each party claiming patent infringement must serve on all other parties its response to the Invalidity, and Unenforceability Contentions. The response must include a detailed description of the factual and legal grounds responding to each contention of invalidity (including whether the party admits to the identity of elements in asserted prior art and, if not, the reason for denial) and unenforceability.

**Claim Construction LPR 13-18**

23.     **LPR 1-13. Exchange of Proposed Terms for Construction.** No later than 90 days after the Initial Scheduling Conference under Fed. R. Civ. P. 26(f), each party must serve on each other party a list of patent claim terms that the party contends should be construed by the court, and identify any claim term that the party contends should be governed by 35 U.S.C. § 112(6) (pre-AIA) or 35 U.S.C. § 112(f) (post-AIA).

24.     **LPR 1-14. Exchange of Preliminary Claim Constructions and Extrinsic Evidence**. No later than 14 days after the exchange of lists under LPR 1-13, the parties must simultaneously exchange proposed constructions of each term identified by either party for claim construction.

25.     **LPR 1-15. Joint Claim Construction and Prehearing Statement.** No later than 14 days after the exchange of Preliminary Claim Constructions and Extrinsic Evidence under LPR 1-14, the parties must prepare and submit to the court a Joint Claim Construction and Prehearing Statement pursuant to LPR 1-15(a) through (g).

26.     **LPR 1-16. Claim Construction Briefing.** No later than 21 days after submitting to the court the Joint Claim Construction and Prehearing Statement, the party claiming patent infringement must serve and file an opening claim construction brief and any evidence supporting

its claim construction. Not later than 21 days after service of the opening brief, each opposing party must serve and file its responsive brief and supporting evidence. Not later than 7 days after service on it of a responsive brief, the party claiming patent infringement, or the party asserting invalidity if there is no infringement issue present in the case, must serve and file any reply brief and any evidence directly rebutting the supporting evidence contained in an opposing party's response.

27. **LPR 1-18a. Post Claim Construction Amendment of Contentions.** Within 14 days of a Claim Construction Order the parties are required to meet and confer in order to reasonably limit the number of claims and prior art references asserted. Within 30 days of a Claim Construction Order, the parties are to amend their disclosures accordingly, and include any other amendments to their disclosure at that time.

28. **LPR 1-18b. Opinion of Counsel Defenses.** Within 30 days of a Claim Construction Order, each party opposing a claim of patent infringement that will rely on an opinion of counsel as part of a defense including making opinions available for inspection and copying, and serve privilege log pursuant to LPR 1-18b(a) through (b).

29. **LPR 1-19. Mandatory Settlement Conferences for Patent Cases.** Mandatory settlement conferences for patent cases must be conducted by the magistrate judge assigned to the case as follows: (a) A Post-Claim Construction Order Settlement conference must be held within 30 days after entry of the claim construction order; and (b) A Pretrial Settlement Conference must be held within 30 days after filing the Pretrial Order or further order of the court.

30.     **Manual for Complex Litigation:**

The Parties do not believe that any part of the procedures of the Manual for Complex Litigation should be utilized in this case.

|  |  |
|---|---|
|  | IT IS SO STIPULATED. |
| Name: */s/Nihat Deniz Bayramoglu* | Name: */s/F. Christopher Austin* |
| Nihat Deniz Bayramoglu, Esq. | F. Christopher Austin, Esq. |
| BAYRAMOGLU LAW OFFICES LLC | WEIDE & MILLER LTD. |
| Date: *March 18, 2024* | Date: *March 18, 2024* |
| *Attorney for Yuyao Tanghong Trade Co., Ltd.* | *Attorney for Fohse, Inc.* |

IT IS SO ORDERED.

_____
United States Magistrate Judge

Dated: 3/20/2024

**Discovery Date Chart**

| Matter | Plaintiff's Date | Defendant's Date | Timing |
|---|---|---|---|
| Rule 26(f) Meeting | 3/8/2024 | 3/8/2024 | |
| Hearing for Scheduling Conference. | | | |
| Serve Initial Disclosures | 3/22/24 | 3/22/24 | |
| Deadline to serve Infringement Contentions | | | Within 14 days after Initial Scheduling Conference |
| Response to Infringement Contentions and produce accompanying docs. | | | Within 45 days after service of Infringement Contentions |
| Deadline to serve Invalidity Contentions and Claim Charts and accompanying items of prior art | | | |
| Deadline to respond Invalidity Contentions and Claim Charts and produce accompanying docs. | | | Within 14 days after service of Invalidity Contentions |
| Deadline for parties to exchange list of claim terms. | | | 90 days after Initial Scheduling Conference |
| Deadline for Exchange of Preliminary Claim Constructions and Extrinsic Evidence. | | | 14 days after exchange of list of claim terms |
| Deadline to file Joint Claim Construction and Prehearing Statement | | | 14 days after exchange of Preliminary Claim Constructions and Extrinsic Evidence |
| Deadline to serve and file Opening Claim Construction Brief and Supporting Documents | | | 21 days after submitting Joint Claim Construction and Prehearing Statement |
| Deadline to file response to Opening Claim Construction Brief and supporting evidence | | | 21 days after service of opening claim construction brief |
| Deadline to file Reply Brief in support of Opening Claim Construction Brief | | | 7 days after service of response brief |

| | | | |
|---|---|---|---|
| Claim Construction Order | N/A | N/A | 60 days after completion of Claim Construction Hearing, or court stating no hearing held. |
| Deadline for parties to meet to amend their disclosures | | | Within 14 days of Claim Construction Order |
| Parties to make opinions available for inspection and copying and serve privilege log | | | Within 30 days of Claim Construction Order |
| Post-Claim Construction Order Settlement Conference | | | Held within 30 days after entry of claim construction order. |
| Pretrial Settlement Conference | | | Within 30days of filing Pretrial Order |
| Fact Discovery Deadline | 7/30/24 | 7/30/24 | |
| Deadline to Amend Pleadings and Add Parties | 5/1/2024 | | |
| All AFFIRMATIVE experts designated, opposing counsel and pro se parties provided with information | 5/31/24 | 5/31/24 | |
| All REBUTTAL experts designated, opposing counsel and pro se parties provided with information | 7/1/24 | 7/1/24 | |
| Dispositive Motions Deadline | 8/29/24 | 8/29/24 | |