NIHAT DENIZ BAYRAMOGLU, ESQ. (Nevada. Bar No. 14030)
deniz@bayramoglu-legal.com
GOKALP BAYRAMOGLU, ESQ. (Nevada Bar No. 15500)
gokalp@bayramoglu-legal.com
SHAWN A. MANGANO, ESQ. (Nevada Bar No. 6730)
shawnmangano@bayramoglu-legal.com
WILLIAM R. BREES
william@bayramoglu-legal.com (*Pro Hac Vice*)
BAYRAMOGLU LAW OFFICES LLC
1540 West Warm Springs Road, Suite 100
Henderson, Nevada 89014
Telephone: 702.462.5973
Facsimile: 702.553.3404
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| YUYAO TANGHONG INTERNATIONAL TRADE CO., LTD., a Chinese corporate entity,<br><br>Plaintiff,<br><br>vs.<br><br>FOHSE, INC., a Nevada corporation,<br><br>Defendant. | Case No.: 2:23-cv-01789-APG-BNW<br><br>**STIPULATION AND ORDER TO CONTINUE TO STAY PROCEEDINGS IN FAVOR OF MEDIATION**<br><br>**(Third Request)** |

Plaintiff Yuyao Tanghong International Trade Co., Ltd. ("Plaintiff") and Defendant Fohse, Inc. ("Defendant") [collectively, the "Parties"] through their respective undersigned counsel, hereby stipulate to the entry of an order continuing the stay of all proceedings in this action until January 21, 2025, to allow the Parties to focus on and prepare for continued mediation, planned to occur within the first two weeks of January 2025. This request is brought in accordance with Local Rule 6-2 and 6-2 as follows:

1. On June 25, 2024, the Court entered an order [Dkt. No. 30] extending the scheduling order deadlines in this action.

    a. Exchange Proposed Terms of Construction: June 18, 2024

  b. Exchange Preliminary Claim Constructions and Extrinsic Evidence: July 2, 2024

  c. Submit Joint Claim Construction and Prehearing Statement: July 16, 2024

  d. Opening Claim Construction Brief: August 6, 2024

  e. Response to Claim Construction Brief: August 27, 2024

  f. Reply Claim Construction Brief and Matter Submitted to Court for Hearing: September 3, 2024

  g. Claim Construction Tutorials and Hearing: 60 days after the Reply brief is filed

  h. Discovery cutoff: December 3, 2024

  i. Claim Construction Order: 60 days after the hearing

  j. Post-Claim Construction Settlement Conference: 30 days after Claim Construction Order

  k. Disclosure of amended contentions: 30 days after Claim Contention Order

  l. Expert Designations: 60 days after Claim Construction Order

  m. Rebuttal Expert Designations: 30 days after Expert Designations

  n. Expert Discovery Cut-off: 30 days after Rebuttal Expert Designations

  o. Dispositive motions: 30 days after close of Expert Discovery

2. On July 15, 2025, the Court granted the Stipulation and Order to Stay Proceedings in Favor of Mediation that stayed this case until November 15, 2024.

3. During this stay the Parties scheduled mediation with mediator Neil A. Smith for Tuesday, December 10, 2024.

4. The Parties held the mediation Tuesday, December 10, 2024.

5. During the mediation, factual and legal questions arose that the Parties agreed to review and address at a continued mediation.

6. The Parties have planned a continued mediation to occur within the first two weeks of January 2025.

7. In light of the fact the continued mediation is outside the duration of the current stay, the Parties request and stipulate to the Court's entry of an order as follows:

    a. All further proceedings, obligations, filings, hearings and deadlines in this action are hereby further stayed until January 21, 2025;

    b. The Parties shall submit a joint status report on or before January 21, 2025, providing the Court with the outcome of the mediation and the status of any settlement agreement and whether the stay should be continued and, if so, for how long, or whether the case should continue along with a proposed joint scheduling order.

8. The Parties submit that there is good cause for the requested continued stay due to the continued mediation with mediator Neil Smith. Mr. Smith has experience in patent infringement and extensive patent knowledge which is desirable in a mediator for this case. Absent the requested continuation of the stay in the present action, the Parties' attention and focus will be divided inhibiting preparation for mediation. Accordingly, the Parties submit there is good cause and good reason for the requested continued stay in favor of formal mediation. *See* Gibson v. MGM International, No. 2:23-cv-00140-MMD-DJA, 2023 WL4455726 (D. Nev. July 11, 2023).

Respectfully submitted,

Name: */s/Nihat Deniz Bayramoglu*
Nihat Deniz Bayramoglu, Esq.
BAYRAMOGLU LAW OFFICES LLC
Date: *December 17, 2024*
*Attorney for Yuyao Tanghong Trade Co., Ltd.*

Name: */s/F. Christopher Austin*
F. Christopher Austin, Esq.
WEIDE & MILLER LTD.
Date: *December 17, 2024*
*Attorney for Fohse, Inc.*

DATED: December 19, 2024

IT IS SO ORDERED:

_____
Andrew P. Gordon
DISTRICT COURT JUDGE